**SUPPRESSED**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. *14-30112-MJR* |
| | ) | |
| vs. | ) | Title 18, United States Code |
| | ) | Section 1347 |
| | ) | |
| TAMEKIA L. HALL, | ) | |
| | ) | **FILED** |
| Defendant. | ) | |

JUN 0 3 2014

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON OFFICE

## INDICTMENT

**THE GRAND JURY CHARGES:**

1.    **TAMEKIA L. HALL** defrauded the State of Illinois Medicaid Home Services Program by falsely claiming and taking payments for personal assistant services not actually performed. The State of Illinois pays a personal assistant hourly wages for performance of services for a qualified beneficiary.  The qualified beneficiary must have a written Employment Agreement with the personal assistant and a Service Plan listing all services to be provided.  In order for the personal assistant to receive payment from the State of Illinois, the beneficiary must submit a Home Services Time Sheet form listing the hours worked by the personal assistant and signed by both the beneficiary and personal assistant.

2.    The Home Services Program is a Medicaid Waiver Program designed to provide a disabled individual who, with assistance in performing daily living activities in the home, would not require similar care in a nursing home. The Illinois Department of Human Services, Division of Rehabilitation Services (DORS) administers the program.  Medicaid Waiver programs enable states to

use both state and federal Medicaid funds to pay for services related to medical care that would not ordinarily be covered under Medicaid.

      3.      On November 26th, 2011, **HALL** completed an Employment Agreement between Customer and Personal Assistant with a qualified Medicaid beneficiary.

      4.      On or about April 19, 2012, in furtherance of a scheme to defraud the Medicaid Home Services Program for the State of Illinois, **HALL** submitted a Home Services Time Sheet of which she falsely claimed 10.5 hours of personal assistant services that were not performed due to her customer being in a hospital. **HALL** signed the time sheet under the following printed statement:

> *I CERTIFY THE ABOVE INFORMATION IS TRUE AND THAT THE CUSTOMER WAS IN HIS/HER HOME AT THE TIME SERVICES WERE RENDERED (NOT ON VACATION, IN HOSPITAL, IN NURSING HOME, ETC.).*

      5.      From on or about October 29, 2012 through on or about November 19, 2012, in furtherance of a scheme to defraud the Medicaid Home Services Program for the State of Illinois, **HALL** submitted Home Services Time Sheets of which she falsely claimed 5 hours of personal assistant services that were not performed due to **HALL** being in a hospital. **HALL** signed the time sheet dated October 29, 2012 under the following printed statement:

> *I CERTIFY THE ABOVE INFORMATION IS TRUE AND THAT THE CUSTOMER WAS IN HIS/HER HOME AT THE TIME SERVICES WERE RENDERED (NOT ON VACATION, IN HOSPITAL, IN NURSING HOME, ETC.).*

**HALL** signed the time sheet dated November 19, 2012, under the following printed statement:

> *I understand falsification of any information submitted on this form could lead to criminal prosecution.*

2

6.     From on or about March 29, 2013 through on or about April 22, 2013, in furtherance of a scheme to defraud the Medicaid Home Services Program for the State of Illinois, **HALL** submitted Home Services Program Time Sheets of which she falsely claimed 6 hours of personal assistant services that were not performed due to her customer being in a hospital.  **HALL** signed each time sheet under the following printed statement:

*I understand falsification of any information submitted on this form could lead to criminal prosecution.*

7.     On or about May 15, 2013, in furtherance of a scheme to defraud the Medicaid Home Services Program for the State of Illinois, **HALL** submitted a Home Services Program Time Sheet of which she falsely claimed 18 hours of personal assistant services that were not performed due to her customer being in a hospital.  **HALL** signed the time sheet under the following printed statement:

*I understand falsification of any information submitted on this form could lead to criminal prosecution.*

## COUNT 1

### Health Care Fraud

8.     Paragraphs 1 through 7 are re-alleged and incorporated in Count 1.

9.     On or about April 19, 2012 through on or about May 15, 2013, in St. Clair County, within the Southern District of Illinois,

### TAMEKIA L. HALL,

defendant, did knowingly and willfully execute a scheme to defraud a health care benefit program, namely Medicaid, in connection with the delivery of and payment for health care

3

benefits and services by submitting time sheets and receiving payment for personal assistant

services not performed, in violation of Title 18, United States Code, Section 1347.

**A TRUE BILL**



RANLEY R. KILLIAN
Assistant United States Attorney
MICHAEL J. HALLOCK
Assistant United States Attorney

STEPHEN R. WIGGINTON
United States Attorney

Recommended Bond:  $10,000 unsecured

4